UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY P., RICHARD A., GERARD O.,
RENAISSANCE MANOR, INC.,
        Plaintiffs,

vs.                                            Consolidated Case No. 8:05-CV-927-T-27EAJ

SARASOTA COUNTY,
JOSEPH and MARIA SERNA,
        · Defendants.

*Consolidated with*

UNITED STATES OF AMERICA
        Plaintiff
and

COASTAL BEHAVIORAL HEALTHCARE, INC.
        Plaintiff-Intervenor,
vs.

SARASOTA COUNTY, FLORIDA
        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the United States' Objections to Magistrate Judge's Order Granting Defendant Sarasota County's Motion to Compel Return of Privileged Document and for Protective Order Preventing Use of Privileged Document (Dkts. 192, 228) and Sarasota County's response (Dkt. 200).[1] Upon consideration the objections are **OVERRULED**.

---

[1] Tracey P, Richard A., Gerard O., Renaissance Manor, Inc., and Coastal Behavioral Health Care, Inc. filed a Notice of Joinder in the United States' Objections (Dkt. 190).

The United States, Tracey P., Richard A., Gerard O., Renaissance Manor, Inc., and Coastal Behavioral Health Care, Inc. (collectively "Plaintiffs") object to the magistrate judge's December 20, 2006 order granting the County's motion to compel return of a January 1996 memorandum from Assistant Sarasota County Attorney Charles Bailey to Deputy County Attorney Brenda Patten and Assistant County Attorney William Rossi (the "Bailey Memorandum").[2] (Motion to Compel, Ex. 3, Oldehoff Aff., ¶ 4). The Bailey Memorandum addresses the interplay between case law interpreting the Fair Housing Act ("FHA") and the implication of zoning regulations in the context of group homes for recovering alcoholics and drug addicts. *Id.* at ¶ 6. The Memorandum is marked "Confidential - Prepared in Anticipation of Litigation, Protected by the Attorney/Client Privilege and the Attorney Work Product Doctrine and Exempt from the Provisions of Florida Statutes § 119.07, Pursuant to Florida Statutes §§119.07(3)(n) and 768.28(14)." *Id.* at ¶ 5.

Counsel for the United States received the Bailey Memorandum from Steven Polin, counsel for the individual plaintiffs. (Response, Ex. 4, Steinacker Aff., ¶ 1). Polin received the document from a third party who, in turn, received it in response to a public records request. *Id.* The Plaintiffs' sole objection to the December 20, 2006 order is that the magistrate judge did not address the Plaintiffs' argument that the Bailey Memorandum is not exempt from disclosure under Florida public records laws and therefore cannot be privileged under federal law.

### Standard of Review

Pursuant to Fed. R. Civ. P. 72, within ten days after being served with a copy of the

---

[2] The Magistrate Judge's order also prohibited Plaintiffs from disseminating, using, referring to, or relying on the Bailey Memorandum in this litigation.

magistrate judge's order, a party may serve and file objections to the order. The district judge to whom the case is assigned shall consider the objection and "shall modify or set aside any portion of the order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72.

## Discussion

Plaintiffs' objection that the magistrate judge failed to consider whether the Bailey Memorandum is privileged under Florida law is without merit. The magistrate judge recited Plaintiffs' argument in this regard and correctly concluded that federal law governs whether the document is privileged or contains attorney work product. (Dkt. 43, pp. 5-6 (citing Fed. R. Evid. 501; *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 690 (M.D. Fla. 2005) ("[i]n federal question cases, privileges are determined under federal common law"); *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990) ("[w]hile Rule 501, Fed. R. Evid. provides that Florida law of privilege governs in a federal diversity suit, the work product doctrine is a limitation on discovery in federal cases and federal law provides the primary decisional framework").

Applying federal common law, the magistrate judge concluded that the Bailey Memorandum set forth "legal advice and directions from counsel given in the context of impending litigation" and "[was] addressed to the inevitability of litigation" because it discussed which zoning restrictions would keep the County out of court. After concluding that the Bailey Memorandum was privileged, the magistrate judge correctly considered whether the County waived the privilege by producing the document in response to a public records request. (December 20, 2006 Order on County's Motion to Compel, pp. 6-10).

3

Magistrate judges are afforded broad discretion in the resolution of nondispositive discovery disputes. The magistrate's determination will therefore be overturned only if the magistrate judge abused her discretion or the decision is clearly erroneous. *See Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981) ("[p]retrial orders of a magistrate judge . . . are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a *de novo* determination as are a magistrate's proposed findings and recommendations . . ."); *Kaiser Aluminum & Chemical Corp. v. Phosphate Eng'g and Constr. Co., Inc.*, F.R.D. 686, 687 (M.D. Fla. 1994) ("[a]lthough Defendant urges a *de novo* analysis of the issue, it is proper to apply the clearly erroneous standard when reviewing a magistrate's order").

Plaintiffs have not demonstrated that the magistrate judge committed clear error in the application of federal law or that her decision to apply federal common law principles of privilege, rather than Florida's public records law, was clearly erroneous. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Objections to Magistrate Judge's Order Granting Defendant Sarasota County's Motion to Compel Return of Privileged Document and for Protective Order Preventing Use of Privileged Document (Dkts. 192, 228) ) are **OVERRULED**. Plaintiffs shall immediately return the privileged memorandum to Sarasota County and otherwise comply with the magistrate judge's order. The stay issued by the magistrate judge (Dkt. 45) is lifted.

**DONE AND ORDERED** in chambers this 9th day of May, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record